IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBBIE POWELSON,

                    Plaintiff,

        v.

BRIAN MATHERS, et al.,

                    Defendants.

Case No.  26-cv-06305-MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Before the Court is pro se plaintiff Robbie Powelson's "Ex Parte Motion for TRO," filed June 24, 2026, whereby plaintiff seeks an order "enjoin[ing] [d]efendants from seizing" his boat.  (See Mot. at 6:4.)   Having read and considered the motion, the Court rules as follows.

In the Complaint, plaintiff alleges "[d]efendants have threatened to seize [his] vessel" (see Compl. Intro.) located at Bridgeway Marina in Sausalito, California, in that an "impoundment notice" was placed on the vessel on "June 15, 202[6]," and a law enforcement officer allegedly told him, on June 23, 202[6]," that the "City of Sausalito intended to seize the [v]esel within 72 hours."  (See id.  ¶¶ 7, 10, 13.)  Based thereon, plaintiff asserts the following causes of action against defendant officer Brian Mathers and the City of Sausalito: (1) "Violation of the Fourth Amendment – Unreasonable Search and Seizure (42 U.S.C. § 1983 – Against All Defendants)"; (2) "Violation of the Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983 – Against All Defendants)"; and (3) "Violation of the Fifth Amendment – Takings Clause (42 U.S.C. § 1983 – Against All Defendants)."

A temporary restraining order may not issue in the absence of "notice to the adverse party or its attorney" unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." See Fed. R. Civ. P. 65(b).

Here, plaintiff has not endeavored to make a showing of irreparable injury likely to result if defendants were given notice and an opportunity to be heard in opposition to the motion. Rather, plaintiff asserts, notice was provided by an email sent on June 19, 2026, "to the City Attorney and City Manager of Sausalito . . . advis[ing] that [he] would seek a temporary restraining order if the city could not justify its threatened action." (See Powelson Decl. ¶ 7; see also id. Ex. C.) Such conditional intent does not, however, constitute adequate notice of plaintiff's ultimate filing of a motion. Moreover, the email addresses to which the above-referenced email was sent appear to be incorrect, as they differ from the email addresses listed for those two individuals on the City of Sausalito's website.

Accordingly, the motion is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: June 24, 2026

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California

2